UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHIGAN AMBULATORY
SURGICAL CENTER, LLC,

                        Plaintiff,

v.

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY,

                        Defendant.

_____/

Case No. 16-cv-14507

Paul D. Borman
United States District Judge

## OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO AMEND THE COMPLAINT (ECF NO. 17) AND DENYING DEFENDANT'S MOTION TO DISMISS (ECF NO. 10)

This case involves Plaintiff Michigan Ambulatory Surgery Centers, LLC's ("Michigan Ambulatory" or "Plaintiff") claims for the payment of no-fault insurance benefits stemming from an August 19, 2014 motor vehicle accident in which car driven by Defendant State Farm Mutual Automobile Insurance Company's ("State Farm") insured, Tamika R. Burrell, was struck in the rear by a hit and run driver and Ms. Burrell sustained accidental bodily injuries. Michigan Ambulatory originally filed its claims in Wayne County Circuit Court on or about December 2, 2016, and Defendant State Farm removed the case to this Court on December 30, 2016, based

1

upon diversity jurisdiction. (ECF No. 1, Notice of Removal.)

Michigan Ambulatory, a healthcare provider that claims to have provided Plaintiff with services related to her care and recovery from the August 19, 2014 accident (specifically a single surgical procedure on February 9, 2016), sought in its original Complaint to recover no-fault benefits under Michigan's No-Fault statute for unpaid medical expenses for the surgical services it provided to Ms. Burrell. As a result of the Michigan Supreme Court's May 25, 2017 decision in *Covenant Medical Center, Inc. v. State Farm Mut. Auto. Ins. Co.*, 500 Mich. 191, 895 N.W.2d 490 (2017), which established that medical providers such as Michigan Ambulatory do not have a statutory claim under the Michigan No-Fault Act to recover personal protection insurance benefits from no-fault insurers, Michigan Ambulatory now seeks to amend its complaint to rely instead on two separate assignments, one executed by Ms. Burrell on the day of her February 9, 2016 surgery and one executed by her on June 12, 2017, after the *Covenant* decision was issued.

Defendant State Farm filed its motion to dismiss this action on June 13, 2017. (ECF No. 10.)[1] Plaintiff filed a Response (ECF No. 12) and State Farm filed a Reply

---

[1] The Court recently issued an Opinion and Order in a related case involving different healthcare provider claims related to Ms. Burrell's August 19, 2014 automobile accident. Much of the procedural and factual background, and to some degree the analysis of State Farm's claims, is repeated here. *See ZMC Pharmacy, LLC v. State Farm Auto. Ins. Co.*, No. 16-10508 (E.D. Mich. 2016) (3/29/18 Opinion and Order).

(ECF No. 15).  On October 9, 2017, Plaintiff filed a Motion for Leave to Amend the Complaint. (ECF No. 17.)  State Farm filed a Response (ECF No. 21) and Plaintiff filed a Reply (ECF No. 22).  The Court held a hearing on both motions on January 25, 2018.  For the reasons that follow, the Court GRANTS Plaintiff's Motion to Amend and DENIES Defendant's Motion to Dismiss.

## I.    FACTUAL BACKGROUND

On or about August 19, 2014, Tamika Burrell was insured with Defendant State Farm under a no-fault insurance policy.  (ECF No. 1, Notice of Removal Ex. E, Amended Compl. ¶ 14.)  On August 19, 2014, Plaintiff Burrell was involved in a

---

*See* discussion *infra.*  As discussed at length by the Court in its Opinion and Order in *ZMC*, State Farm appears confused regarding the appropriate Federal Rule of Civil Procedure under which it seeks relief.  And of course this is significant because the Federal Rule of Civil Procedure under which a party moves dictates the matters that this Court is permitted to consider in ruling on the motion.  State Farm's motion is titled "Defendant State Farm's Motion for Summary Judgment of Provider No-Fault Claim Under FRCP 12(b)(6)."  (ECF No. 10.)  Of course, Fed. R. Civ. P. 56, and not Rule 12(b)(6), applies to motions for summary judgment.  And, as explained at length by this Court in the *ZMC* Opinion and Order, Rule 12(b)(6) is inapplicable here because State Farm answered Michigan Ambulatory's Complaint in state court on or about December 29, 2016.  A motion asserting the defense of failure to state a claim under Rule 12(b)(6) "must be made before pleading if a responsive pleading is allowed."  Fed. R. Civ. P. 12(b).  As explained at length in this Court's Opinion and Order in *ZMC*, because State Farm has answered the Complaint and seeks dismissal under Rule 12 for failure to state a claim, the appropriate subsection is Fed. R. Civ. P. 12(c) for judgment on the pleadings.  The Court thus construes State Farm's motion as one for judgment on the pleadings and analyzes the merits of the motion alongside Plaintiff's motion to amend.

motor vehicle accident in which she sustained accidental bodily injuries. (*Id.* ¶ 16.) Plaintiff Burrell was struck in the rear of her vehicle by a hit and run driver, pushing her into the vehicle in front of her, and therefore seeks uninsured motorist benefits in the amount of the policy limits of $50,000. (*Id.* ¶ 17.) Plaintiff Burrell claims to have suffered permanent disfigurement that has affected her ability to lead a normal life, specifically but not limited to post-concussion syndrome, disc herniation at multiple levels compressing the thecal sac, myofascial syndrome in the spine, closed head injury, cervical and lumbar radiculopathy, anxiety, and depression. (*Id.* ¶ 21.) Plaintiff Burrell also claims to have lost wages and suffered diminished earning capacity, as well as having incurred economic expenses and medical expenses. (*Id.* ¶¶ 22-23.)

This action is related to another case against State Farm, arising out of the same motor vehicle accident, filed by the insured, Ms. Burrell, and two other healthcare providers also seeking to recover no-fault benefits related to services provided related to Ms. Burrell's August 19, 2014 accident. *See ZMC Pharmacy, LLC v. State Farm Mutual Auto. Ins. Co.*, No. 16-10508 (E.D. Mich. 2016). In *ZMC*, Plaintiffs Burrell and Intervening Plaintiff MMT Integrative Services ("MMT") accepted case evaluation awards on May 9, 2017, and stipulated to dismiss their claims against Defendant State Farm with prejudice. Intervening Plaintiff ZMC participated in the

case evaluation proceeding but did not accept the case evaluation award and did not dismiss its claims against State Farm. At the time that ZMC elected not to accept the case evaluation award, the Michigan Supreme Court had just issued its May 25, 2017 decision in *Covenant*, establishing that healthcare providers such as Michigan Ambulatory have no statutory claim under the Michigan No-Fault Act to recover personal protection insurance benefits from no-fault insurers. Michigan Ambulatory, the Plaintiff in this action, did not participate in the *Burrell/ZMC* case evaluation process, although it was aware of the *Burrell/ZMC* litigation, which State Farm noted as a possible companion in its removal papers. In its recent Opinion and Order in *ZMC*, this Court granted State Farm's motion to dismiss based upon Ms. Burrell's dismissal with prejudice of her claims against State Farm in that action following her acceptance of case evaluation. *See ZMC Pharmacy, LLC v. State Farm Auto. Ins. Co.*, No. 16-10508 (E.D. Mich. 2016) (3/29/18 Opinion and Order).

In light of *Covenant*, Michigan Ambulatory now seeks to amend its Complaint and to assert a claim to enforce its rights under an assignment of rights executed by Ms. Burrell on February 9, 2016, the day of her surgical procedure and under a second assignment that Michigan Ambulatory obtained from Ms. Burrell on June 12, 2017.

## II.    STANDARD OF REVIEW

"Motions for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) are analyzed under the same de novo standard as motions to dismiss pursuant to Rule 12(b)(6)." *Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295 (6th Cir. 2008) (citing *Penny/Ohlmann/Nieman, Inc. v. Miami Valley Pension Corp.*, 399 F.3d 692, 697 (6th Cir. 2005)). "[T]he legal standards for adjudicating Rule 12(b)(6) and Rule 12(c) motions are the same . . . ." *Lindsay v. Yates*, 498 F.3d 434, 437 n. 5 (6th Cir. 2007). The Sixth Circuit has defined the pleading requirements necessary to withstand a challenge under Rule 12(c):

> We recently explained the pleading requirements that are necessary to survive a Rule 12(c) motion:
>
>> In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), the Supreme Court explained that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.... Factual allegations must be enough to raise a right to relief above the speculative level...." *Id.* at 1964-65 (internal citations omitted). In *Erickson v. Pardus*, 550 U.S. ----, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007), decided two weeks after *Twombly*, however, the Supreme Court affirmed that "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.' Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which

it rests.'" *Id.* at 2200 (quoting *Twombly*, 127 S.Ct. at 1964). The opinion in *Erickson* reiterated that "when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Id.* (citing *Twombly*, 127 S.Ct. at 1965). We read the *Twombly* and *Erickson* decisions in conjunction with one another when reviewing a district court's decision to grant a motion to dismiss for failure to state a claim or a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12. *Sensations, Inc.*, 526 F.3d at 295-96 (footnote omitted).

*Tucker v. Middleburg-Legacy Place*, 539 F.3d 545, 550 (6th Cir. 2008) (quoting *Sensations,* 526 F.3d at 295 (6th Cir. 2008)).

When reviewing a motion to dismiss under Rule 12(b)(6), and therefore under Rule 12(c), a court must "'construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff.'" *Handy-Clay v. City of Memphis*, 695 F.3d 531, 538 (6th Cir. 2012) (quoting *Directv Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007)). The court "need not accept as true a legal conclusion couched as a factual allegation, or an unwarranted factual inference." *Handy-Clay*, 695 F.3d at 539 (internal quotation marks and citations omitted). *See also Eidson v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007) ("Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice.").

In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the Supreme Court explained that "a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Id*. at 555 (internal quotation marks and citations omitted) (alteration in original). "To state a valid claim, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory." *LULAC v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007).

The Supreme Court clarified the concept of "plausibilty" in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), explaining that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. at 678." Thus, "[t]o survive a motion to dismiss, a litigant must allege enough facts to make it plausible that the defendant bears legal liability. The facts cannot make it merely possible that the defendant is liable; they must make it plausible. Bare assertions of legal liability absent some corresponding facts are insufficient to state a claim." *Agema v. City of Allegan*, 826 F.3d 326, 331 (6th Cir. 2016) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

In ruling on a motion to dismiss, the Court may consider the complaint as well as (1) documents that are referenced in the plaintiff's complaint and that are central to plaintiff's claims, (2) matters of which a court may take judicial notice (3) documents that are a matter of public record, and (4) letters that constitute decisions of a governmental agency. *Thomas v. Noder-Love*, 621 F. App'x 825, 829 (6th Cir. 2015) ("Documents outside of the pleadings that may typically be incorporated without converting the motion to dismiss into a motion for summary judgment are public records, matters of which a court may take judicial notice, and letter decisions of governmental agencies.") (Internal quotation marks and citations omitted); *Armengau v. Cline*, 7 F. App'x 336, 344 (6th Cir. 2001) ("We have taken a liberal view of what matters fall within the pleadings for purposes of Rule 12(b)(6). If referred to in a complaint and central to the claim, documents attached to a motion to dismiss form part of the pleadings. . . . [C]ourts may also consider public records, matters of which a court may take judicial notice, and letter decisions of governmental agencies."); *Greenberg v. Life Ins. Co. Of Virginia*, 177 F.3d 507, 514 (6th Cir. 1999) (finding that documents attached to a motion to dismiss that are referred to in the complaint and central to the claim are deemed to form a part of the pleadings). Where the claims rely on the existence of a written agreement, and plaintiff fails to attach the written instrument, "the defendant may introduce the pertinent exhibit," which is then

considered part of the pleadings. *QQC, Inc. v. Hewlett-Packard Co*., 258 F. Supp. 2d 718, 721 (E.D. Mich. 2003). "Otherwise, a plaintiff with a legally deficient claims could survive a motion to dismiss simply by failing to attach a dispositive document." *Weiner v. Klais and Co., Inc*., 108 F.3d 86, 89 (6th Cir. 1997).

## B.  Motion for Leave to Amend Under Rule 15(a)

"Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Id.* "Although Rule 15(a)(2) provides that '[t]he court should freely give leave when justice so requires,' leave may be denied on the basis of undue delay, bad faith by the moving party, repeated failure to cure defects by previously-allowed amendments, futility of the proposed new claim, or undue prejudice to the opposite party." *Spigno v. Precision Pipeline, LLC*, 59 F. Supp. 3d 831, 834 (E.D. Mich. 2014) (citing *Foman v. Davis*, 371 U.S. 178, 182

(1962)).  "In assessing the alleged futility of a proposed amendment, the focus is on whether the allegations in the amended complaint could withstand a motion to dismiss, not the whether the plaintiff will be able to support the allegations with proofs. That reality confines the inquiry to the proposed pleading." *Spigno*, 59 F. Supp. 3d at 835 (citing *Head v. Jellico Housing Authority*, 870 F.2d 1117, 1123 (6th Cir. 1989)).  Thus, the Court will consider State Farm's motion to dismiss "in light of the proposed amendments to the complaint." *Begala v. PNC Bank, Ohio, Nat. Ass'n*, 214 F.3d 776, 784 (6th Cir. 2000) (citation omitted).  The Court will not dismiss the action if it is "convinced that the deficiencies in the complaint [] have been cured by the proposed amendments." *Id*.

## III.   ANALYSIS

The parties agree that Michigan substantive law governs the issues presented in State Farm's motion.  There is no dispute, after the Michigan Supreme Court's decision in *Covenant* that "[a] healthcare provider possesses no statutory cause of action against a no-fault insurer for recovery of PIP benefits."  Thus, medical providers such as Michigan Ambulatory do not have a statutory claim, separate and independent from the insured, to recover personal protection insurance benefits from no-fault insurers.  There is also no real dispute, after the Michigan Court of Appeals decision in *Foote Memorial Hosp. v. Michigan Assigned Claims Plan*, No. 333360,

2017 WL 3836645, at *14 (Mich. Ct. App. Aug. 31, 2017) (noting that "the Supreme Court both applied the rule of law it announced in Covenant to the parties before it and has also directed this Court to consider Covenant's application to cases pending on direct appeal," and applying *Covenant* retroactively), that *Covenant* would bar the claims of Michigan Ambulatory's original complaint, which stated only a statutory claim under the Michigan No-Fault statute seeking to recover the cost of medical treatment that it rendered to State Farm's insured, Ms. Burrell, in connection with her injuries allegedly stemming from the August 19, 2014 hit and run accident.

State Farm's motion to dismiss was very short and succinct: *Covenant* establishes that Michigan Ambulatory has no claim under the Michigan No-Fault statute and therefore State Farm is entitled to dismissal of Michigan Ambulatory's one-count statutory-based Complaint. (ECF No. 10, Def.'s Mot. For Summary Judgment.) Michigan Ambulatory responded that this case is distinguishable from *Covenant* because Ms. Burrell executed an Assignment of her rights to Michigan Ambulatory at the time of her February 9, 2016 surgery. The February 9, 2016, Assignment which Michigan Ambulatory attaches to its Response, was not expressly referred to in, or attached to, Plaintiff's original Complaint. Michigan Ambulatory did attach a Health Insurance Claim Form to its Original Complaint, on which Ms. Burrell checked a box suggesting that she had "a signature on file" previously assigning to

Michigan Ambulatory her rights to payment of medical benefits. (ECF No. 12, Pl.'s Resp. Ex. B, State Court Complaint Ex. A.) Although Michigan Ambulatory concedes that it did not plead a claim based on this February 9, 2016 Assignment in its original Complaint, it suggests in its response to State Farm's motion that the Court should grant Michigan Ambulatory leave to amend to add such a claim. And, on October 9, 2017, Michigan Ambulatory did file a formal Motion for Leave to Amend, that is also before the Court for decision at this time.

In its motion to dismiss and in response to Plaintiff's motion for leave to amend, State Farm responds that: (1) Plaintiff's February 9, 2016 Assignment, signed the morning of her surgery, assigned future rights to benefits payable, for a loss that had not yet been incurred, and were not therefore assignable;[2] (2) Plaintiff's assignment-based claims are invalid under Ms. Burrell's State Farm Policy, which contained an assignment approval clause; (3) Plaintiff's assignment-based claims are invalid as partial assignments; (4) the Michigan UCC does not apply to invalidate the assignment approval clause; (5) *Covenant* should be applied retroactively; and (6) Plaintiff's June 12, 2017 Assignment is barred by Plaintiff's acceptance of a case evaluation award and dismissal of its claims against State Farm in the *ZMC* case.

---

[2] This argument was not made in *ZMC*, where there was no previously-executed assignment, obtained at the time of services rendered, at issue.

## III.   ANALYSIS

### A.   The February 9, 2016 Assignment, Executed by Ms. Burrell the Morning of Her Surgery, Assigned Present and Not Future Rights

It is now accepted that *Covenant*, which expressly declined to alter the rights of an insured to assign her rights to a medical provider, did not bar claims based on contractual assignments for presently or past due benefits.  "[O]ur conclusion today is not intended to alter an insured's ability to assign his or her right to past or presently due benefits to a healthcare provider." *Covenant*, 895 N.W.2d at 505 n. 40 (citing Mich. Comp. Laws § 5143 and *Professional Rehab Assoc. v. State Farm Mut. Auto. Ins. Co*., 228 Mich. App. 167, 172 (1998)  (holding that the Michigan no-fault act "serves only to ban the assignment of benefits payable in the future and not those that are past due or presently due")).

The morning of her surgery, Ms. Burrell signed an "Assignment of Rights and Guarantee" in which she specifically assigns to Specialty Surgical Center (a/k/a Michigan Ambulatory Surgical Center)[3] her "rights to collect no-fault insurance from

---

[3]  In *Estate of Grimmett v. Encompass Indemnity Co*., No. 14-cv-14646, 2017 WL 5592897, at *3 (E.D. Mich. Nov. 21, 2017), Judge Avern Cohn of this District found that Michigan Ambulatory Surgical Center and Specialty Surgical Centers are the same entity. While State Farm raises this issue, the Court agrees with Judge Cohn that any failure to name Michigan Ambulatory on the Assignment Form does not invalidate the Assignment.  Ms. Burrell knew to whom she was assigning her rights to collect no-fault benefits.

her auto insurer for her care at the Center." (ECF No. 17, Pl.'s Mot. to Amend Ex. C, Feb. 9, 2016 Assignment; Ex. N, Pl.'s Proposed First of Amended Complaint Ex. B.) State Farm argues that because Ms. Burrell's surgery did not commence until 10:30 a.m., and because Ms. Burrell signed the "Assignment of Rights" at 8:26 a.m., she assigned future and not present rights. (ECF No. 17, Def.'s Resp. 8-9, PgID 517-19.) State Farm reasons that at the time Ms. Burrell assigned her rights, i.e. at 8:26 a.m., services had not yet been rendered because the surgical procedure had not yet commenced, and therefore the February 9, 2016 Assignment was for benefits payable in the future and is therefore void. In making this argument, State Farm relies on matters outside the pleadings, i.e. Ms. Burrell's medical records that are neither referenced in nor central to her claims and are not attached to either her original or proposed Amended Complaint. The Court cannot consider these records in resolving this motion. The Court is limited to considering the language of the February 9, 2016 itself, which we know was executed at 8:26 a.m. the day of Ms. Burrell's surgery because it bears that time and date stamp.

United States District Judge Avern Cohn addressed this issue of a "same day as surgery" assignment in *Estate of Grimmett v. Encompass Indemnity Co.*, No. 14-cv-14646, 2017 WL 5592897, at *4-5 (E.D. Mich. Nov. 21, 2017), concluding that the assignment there, which also involved Michigan Ambulatory, and contained language

identical to the February 9, 2016 Assignment at issue here, used present tense language assigning rights for one discrete operation that was in the process of taking place:

> In *Aetna Cas. & Sur. Co. v. Starkey*, 116 Mich. App. 640 (1982), the Michigan Court of Appeals refused to enforce an assignment of benefits that "would become payable" over the course of a hospitalization. Id. at 642, 646. In contrast, the assignment from Grimmett to MASC reads "I hereby assign to Specialty Surgical Center (the 'Center') my rights to collect no-fault insurance from my auto insurer for my care at the Center." (Doc. 93). The assignment from Grimmett to Southeast reads "I assign and authorize payment directly to Michigan Surgical Hospital of any healthcare benefits that I am entitled to receive." (Doc. 100). Unlike in *Starkey*, the language in both assignments is entirely in the present tense, the treatment at each center consisted of one discrete operation, and Grimmett signed the assignments on the same days the respective operations were performed. Since the No-Fault Act provides that "[p]ersonal protection insurance benefits are payable as loss accrues," Mich. Comp. Laws § 500.3142(1), Grimmett essentially assigned her rights as they came into existence. Therefore, the MASC and Southeast assignments referred to present rights and are not void under Mich. Comp. Laws § 500.3143. *See Prof'l Rehab*, 228 Mich. App. at 173-74 (finding present-tense assignment valid to the extent it referred to past or present benefits).

2017 WL 5592897, at *4.

In addition, here Ms. Burrell's assignment to Michigan Ambulatory of her right to collect no-fault benefits was reaffirmed on a Health Insurance Claim Form that also bears her "signature on file," and was prepared subsequent to the February 9, 2016 surgery and details the charges for the services that Plaintiff rendered. This Claim

Form was attached to Michigan Ambulatory's original Complaint and is also attached to Plaintiff's proposed First Amended Complaint. (ECF No. 1, Notice of Removal Ex. A, Complaint Ex. A; ECF No. 17, Mot. for Leave to Amend Ex. B.)

The Court concludes that the February 9, 2016 Assignment, the existence of which was reiterated in the subsequently-issued Health Insurance Claim Form, "essentially assigned [Ms. Burrell's] rights as they came into existence." *Grimmett*, 2017 WL 5592897, at *4. As Judge Cohn noted in *Grimmett*, "an assignment is valid 'if it clearly reflects the intent of the assignor to presently transfer 'the thing' to the assignee.'" *Id. Aetna Cas. & Ins. Co. v. Starkey*, 116 Mich. App. 640 (1982), cited by State Farm, is clearly distinguishable as the assignment at issue there purported to assign "any benefits from Aetna which *would* become due and payable as a result of medical treatment and care." 116 Mich. App. at 327 (emphasis added). This assignment purported to assign the right to collect benefits that *would* become payable in the future with respect to a general, ongoing course of treatment. Ms. Burrell, by contrast, was in the pre-operative phase of a single surgical procedure when she assigned her present rights to no-fault benefits for expenses she was presently incurring related to that procedure. Plaintiff has pleaded facts that plausibly suggest that Ms. Burrell clearly intended to assign to Michigan Ambulatory the right to collect present no-fault benefits, for expenses that she was presently incurring, and that would

17

otherwise be payable to her, for a discrete surgical procedure that began when she reported for surgery the morning of February 9, 2016. Thus, Plaintiff's proposed Amended Complaint alleges an Assignment based on present rights, not one void under Mich. Comp. Laws § 500.3143 as assigning future rights.

## B.     Plaintiff's June 12, 2017 Assignment Would Relate Back to the Original Filing Date of Plaintiff's Complaint

The Michigan No-Fault statute contains a damages limitation provision (referred to as the "one-year back rule") which precludes recovery of no-fault benefits from an insurer for any portion of the loss that is incurred more than one year before the date on which the action is commenced. Mich. Comp. Laws § 500.3145(1). "The Michigan Supreme Court has explained that the 'one-year-back rule . . . limits recovery of [] benefits to those incurred within one year before the date on which the no-fault action was commenced.'" *Magda v. Auto. Club Ins. Assoc.*, No. 14-cv-12144, 2015 WL 13036945, at *3 (quoting *Cooper v. Auto Club Ins. Assoc.*, 481 Mich. 399, 406 (2008)). "Notwithstanding the limitation, a court 'may exercise its equitable power to avoid the application of the one-year-back rule if there are allegations of fraud, mutual mistake, or other unusual circumstances.'" *Id.* (quoting *Cooper*, 481 Mich. at 450). State Farm argues that relation back should not be permitted here because Plaintiff seeks to supplement, not amend her original pleading. This

characterization of Plaintiff's proposed amendment based on the June 12, 2017 Assignment is misplaced. Here, Plaintiff did obtain an assignment at the time that services were rendered and the fact of that assignment was referenced in the Claim Form that was an attachment to Plaintiff's original Complaint. Although it is true that Michigan Ambulatory did not plead a claim based on an assignment in its original Complaint, there was an Assignment in existence at that time and it was referenced, albeit indirectly, in Plaintiff's original Complaint. Both *Covenant* and *Foote* appear to pave the way for such amendments and Courts in this district, post-*Covenant*, have permitted relation back under just such circumstances.

As discussed *supra*, Michigan courts have demonstrated a willingness to allow healthcare providers whose statutory claims were pending at the time *Covenant* was issued the opportunity to seek leave to amend their complaints to assert theories based upon an assignment. *See, e.g. Foote*, 2017 WL 3836645, at *14 ("We conclude that the most prudent and appropriate course for us to take at this time is to remand this case to the trial court with direction that it allow plaintiff to move to amend its complaint, so that the trial court may address the attendant issues in the first instance."); *Harrison v. Allstate Prop. & Cas. Ins. Co*., No. 334083, 2017 WL 5759768, at *5 (Mich. Ct. App. Nov. 28, 2017) (acknowledging that intervening plaintiff healthcare provider MHSI had no statutory claim for benefits after *Covenant*

but remanding for further proceedings in light of *Covenant*, noting that "an amendment of MHSI's intervening complaint may be justified if, as MHSI contends and as the evidence submitted to this Court suggests, Harrison assigned his rights to MHSI").  Neither *Foote* nor *Harrison* suggests supplementation – both suggest the possibility of amendment.

With *Covenant's* clear rejection of a statutory right on behalf of healthcare providers, and equally clear preservation of a healthcare provider's right to proceed against an insurer based upon a valid assignment of rights from the insured, some courts have permitted the "relation back" of assignments executed in pending lawsuits post-*Covenant* to the filing of the original complaint.  *See, e.g., Spine Specialists of Michigan, P.C. v. Allstate Property & Casualty Ins. Co.,* No. 15-cv-14102, 2018 WL 1255149, at *6 (E.D. Mich. March 12, 2018) (considering the effect of the one-year back rule post-*Covenant* and permitting an amended complaint that fell outside the statutory period to relate back where the assignment was executed on May 27, 2014, and the original action was filed on July 15, 2014, both events having occurred within the statutory period); *Estate of Grimmett*, 2017 WL 5592897, at *8 (concluding, without discussion, that the amended pleading asserting a claim based on an assignment executed at the time that services were rendered "asserts a claim arising from the same transaction or occurrence described in the original pleading").

The June 12, 2017 Assignment, assuming that Michigan Ambulatory would find it necessary to rely on that Assignment here, would relate back to the filing of the original Complaint.

## C. Plaintiff's Assignment-Based Claims are Not Invalid Under the State Farm Policy.

State Farm argues that Michigan Ambulatory's attempt to rely on an assignment must fail because Burrell's State Farm Policy contained a clause expressly providing that: "No assignment of benefits or other transfer of rights is binding upon **us** unless approved by **us**." (ECF No. 24, Def.'s Mot. Ex. E, Certified Copy of Burrell Policy, State Farm Car Policy Booklet, General Terms ¶ 9 Assignments) (Emphasis in original). There is no dispute that Burrell did not seek, and State Farm did not grant, approval of her assignment of rights to Michigan Ambulatory. State Farm submits that under Michigan law, non-assignment clauses are enforceable provided that the contractual prohibition against assignment is clear and unequivocal. A number of cases, however, decided in the wake of the *Covenant* decision, have addressed this very issue and have concluded that because an assignment of no-fault benefits can only assign present or past due (but not future) benefits, *see Professional Rehab.*, 228 Mich. App. at 172 (holding that the Michigan no-fault act "serves only to ban the assignment of benefits payable in the future and not those that are past due or

presently due"), such assignments seek to assign only accrued losses, which cannot be prohibited under Michigan law. *See, e.g., Grimmett*, 2017 WL 5592897, at *4-5 (noting that "Michigan courts have enforced anti-assignment clauses that prohibit assignment of future benefits, but not those that prohibit assignment of accrued losses"); *Covenant Medical Center, Inc. v. Auto-Owners Ins. Co.*, No. 17-cv-11176, 2017 WL 4572327, at *4 (E.D. Mich. Oct. 13, 2017) (observing that under Michigan law, "an anti-assignment clause will not be enforced where a loss occurs before the assignment, because in that situation the assignment of the claim under the policy is viewed no differently than any other assignment of an accrued cause of action"); *Michigan Brain and Spine Surgeons, PLLC v. State Farm Mutual Auto. Ins. Co.*, No. 17-158827 (Oakland County Cir. Ct. Aug. 9, 2017 Slip Op. at 1-2) (holding that it is the "absolute right of every person" to assign claims for losses that have already occurred).

Relatedly, Michigan courts have held post-*Covenant* that the Michigan Uniform Commercial Code prohibits restrictions on assignments of healthcare insurance receivables. *Michigan Brain and Spine*, Aug. 9, 2017 Slip Op. at 4-5 ("The UCC plainly prohibits all restrictions on a health care provider's receiving and relying on a patient assignment of a benefit due in payment for services from an insurance company . . . .").

Thus, any assignment approval clause in Ms. Burrell's policy with State Farm cannot serve to invalidate an otherwise valid assignment.

**D.  Plaintiff's Assignment-Based Claims are Not Invalid as Partial Assignments.**

Nor are the Assignments invalid as partial assignments.  "[T]he Michigan No-Fault Act contemplates that an injured person may be entitled to various types of benefits, including wage loss, replacement services, or medical bills, and not all of those benefits may accrue at the same time." *Advanced Surgery Ctr., LLC v. Allstate Ins. Co.*, No. 17-cv-12492, 2017 WL 4792376, at *3 (E.D. Mich. Oct. 24, 2017). "The Act contemplates that a complaint may be filed seeking no-fault benefits from time to time. In this case, plaintiff seeks to recover payment for all of its past and present claims in one lawsuit. Neither the partial nor piecemeal nature of the assignment made by Mr. Minor renders the assignment invalid." *Id*.  The same is true here and the Assignments are not invalid as partial assignments.

**E.  The Michigan Court of Appeals Has Decided That *Covenant* Will Be Applied Retroactively.**

In *Foote, supra*, the Michigan Court of Appeals expressly instructed that *Covenant* is to be applied retroactively: "We therefore conclude . . . that *Covenant* applies retroactively." 2017 WL 3836645, at *14.  Accordingly, the Court rejects Michigan Ambulatory's assertion that *Covenant* should be applied prospectively only.

**F. The Court Cannot Conclude, at This Stage of the Proceedings, That Plaintiff's Proposed Amended Complaint is Futile Based Upon Ms. Burrell's Acceptance of a Case Evaluation Award and Dismissal of Her Claims Against State Farm in the *ZMC* Case.**

State Farm argues in its Response to Plaintiff's motion for leave to amend the Complaint that "Tamika Burrell extinguished her right to any and all claims incurred on or before May 9, 2017 when she, and State Farm, mutually accepted case evaluation." (ECF No. 21, Resp. at 6-8, PgID 515-17.) The Court was able to conclude in *ZMC* that Ms. Burrell's acceptance of a case evaluation award and her dismissal of her claims against State Farm in that action with prejudice, rendered ZMC's proposed amended complaint, which was based on a single assignment executed by Ms. Burrell *after* her dismissal of her claims against State Farm in that case, futile. It cannot do so here. First, the Court was able to take judicial notice in *ZMC* of the entries on its own docket in that case establishing that (1) ZMC did participate in the case evaluation process, (2) that Plaintiff, State Farm, and MMT accepted case evaluation awards and dismissed their claims for no-fault benefits against State Farm, and (3) that ZMC did not accept a case evaluation award and continued with its claims against State Farm relying on a single assignment that was executed by Ms. Burrell *after* she dismissed her claims against State Farm in that action. Even assuming the Court could likewise take judicial notice of the docket in

*ZMC* for purposes of analyzing the motions in this case, the Court cannot conclude, as a matter of law and based solely on the proposed Amended Complaint, that the case evaluation proceeding and subsequent dismissal by Plaintiff of her claims against State Farm in that action also bar Michigan Ambulatory's claims here. The parties' briefing on this issue, and discussion by counsel at the January 25, 2018 hearing, demonstrate that there are several factual disputes regarding whether Michigan Ambulatory's claims were even a part of that case evaluation process and, if they were, what effect that might have on Michigan Ambulatory's right to proceed in this action. Michigan Ambulatory suggests that it was understood by all parties that Michigan Ambulatory's bill was not part of the case evaluation process and that it would proceed with this action independent of that process. State Farm suggests, and provided a document to the Court via email suggesting, that Michigan Ambulatory's bill was a part of the case evaluation process. None of this argument or evidence can be considered by the Court in its analysis of the instant motions to dismiss and to amend the Complaint. While State Farm is not precluded from making such an argument on a more fully developed summary judgment record, the Court does not find futility here. Accordingly, Michigan Ambulatory will be permitted to file its Amended Complaint.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's Motion for Leave to File an Amended Complaint and DENIES State Farm's Motion to Dismiss. Plaintiff shall file its Amended Complaint within ten (10) days of the date of this Order.

IT IS SO ORDERED.


s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: March 30, 2018

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 30, 2018.


s/Deborah Tofil
Case Manager